**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 07-4535**

─────────────

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

JAQWAIN KENYUATTA TOWNSEND,

           Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, District Judge. (4:06-cr-01033-RBH)

─────────────

Submitted: September 19, 2008    Decided: November 3, 2008

─────────────

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

William Fletcher Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. Rose Mary Sheppard Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jaqwain Kenyuatta Townsend pled guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e) (2000), and the district court sentenced him to 180 months in prison and five years of supervised release. On appeal, Townsend's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issue of whether the district court erred in sentencing Townsend under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2000), when the Government did not allege his prior convictions in the indictment and was not required to prove them beyond a reasonable doubt. Townsend was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

We review Townsend's sentence for abuse of discretion. See Gall v. United States, 128 S. Ct. 586, 590 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range. United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008). We then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Gall, 128 S. Ct. at 597. We presume that a sentence within a properly calculated guideline range is reasonable. United States v. Allen,

491 F.3d 178, 193 (4th Cir. 2007); <u>see also</u> <u>Rita v. United States</u>, 127 S. Ct. 2456 (2007) (upholding our presumption).

We have reviewed the record and conclude that the district court did not err or abuse its discretion in sentencing Townsend to the mandatory minimum prison term. Townsend does not challenge the existence of his prior convictions or their qualification as predicate offenses under 18 U.S.C. § 924(e). Rather, he argues that the Supreme Court's decision in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), has been effectively abrogated. We have rejected this argument. <u>See</u> <u>United States v. Cheek</u>, 415 F.3d 349 (4th Cir. 2005). The district court properly determined Townsend had three or more prior convictions for a violent felony and/or serious drug offense, and that his guideline range was 180 to 188 months. The district court then granted his request for a sentence at the low end of the range.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

- 3 -

representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED